IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ryan Contractors, Inc. | : | CIVIL ACTION |
| v. | : | |
| Small Business Administration and Isabella Casillas Guzman | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| 8/14/2024 | /s/ | Ryan Contractors, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 923-8833 | (215) 923-1611 | duanelassiter@lassiterfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ryan Contractors, Inc., 5223 Germantown Avenue, Suite 110, Philadelphia, PA 19144

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Duane L. Lassiter, Esquire, Lassiter & Associates, P.C., 1515 Market Street, Suite 1200, Philadelphia, PA 19102

## DEFENDANTS
Small Business Administration and Isabella Casillas Guzman, 409 3rd Street, SW, Washington, DC 20416

County of Residence of First Listed Defendant: **District of Columbia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | [x] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. 708 and 28 U.S.C. 2201 and 2202

Brief description of cause:
SBA review of request for COVID-19 EIDL increase

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 8/14/2024

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

05/2023

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5223 Germantown Avenue, Suite #110, Philadelphia, PA 19144

Address of Defendant: 409 3rd Street, SW, Washington, DC 20416

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE IF ANY:**
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes [ ]  No [X]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____  _____  _____
                       Attorney-at-Law *(Must sign above)*   Attorney I.D. # *(if applicable)*

---

**Civil** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [ ] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [X] All Other Federal Question Cases. *(Please specify):* SBA review of request for COVID-19 EIDL increase

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Duane L. Lassiter, Esquire, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: August 14, 2024   _____ (signature)   81323
                         Attorney-at-Law *(Sign here if applicable)*   Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN CONTRACTORS, INC.** | : | CIVIL ACTION |
| 5223 Germantown Avenue | : | |
| Suite #110 | : | |
| Philadelphia, PA 19144 | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **SMALL BUSINESS ADMINISTRATION** | : | |
| 409 3rd Street, SW | : | |
| Washington, DC 20416 | : | |
| and | : | |
| **ISABELLA CASILLAS GUZMAN** | : | |
| Administrator, SBA | : | |
| 409 3rd Street, SW | : | |
| Washington, DC 20416 | : | |
| | : | |
| **Defendants** | : | |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MANDAMUS RELIEF

Ryan Contractors, Inc., by and through its attorneys, Lassiter & Associates, P.C., alleges and states as follows:

### INTRODUCTION AND BACKGROUND

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants, Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The COVID-19 Economic Injury Disaster Loan ("EIDL") and EIDL Advance programs were established to provide funding to help small businesses recover from the economic impacts of the COVID-19 pandemic.

3. COVID-19 EIDL funding was offered in two types: a) COVID-19 EIDL loan funds to be used for working capital and other normal operating expenses which are repayable; and b) EIDL Advance Funds which were forgivable.

4. Beginning October 8, 2021, the maximum loan amount under the COVID-19 EIDL program was increased to $2,000,000.00.

5. The COVID-19 EIDL funding is administered by the SBA and Administrator Casillas Guzman.

6. As of May 6, 2022, the SBA stopped processing COVID-19 EIDL loan increase requests or requests for reconsideration of previously declined loan applications.

7. Ryan Contractors, Inc., is a small business that provides construction contracting, construction management and property rehabilitation services.

8. Ryan Contractors, Inc. made an initial application for Covid-19 EIDL funding and was determined to be eligible for initial funding in the original amount of $111,500.00.

9. The initial application was approved, and all required funding documents were executed and finalized on August 10, 2020. The funds were disbursed to Ryan Contractors, Inc. thereafter.

10. Ryan Contractors, Inc. applied for a COVID-19 EIDL increase on or about January 15, 2021.

11. In its application, Ryan Contractors, Inc. demonstrated that it qualified for a COVID-19 EIDL increase.

12. Ryan Contractors, Inc. complied with all requests for additional documentation required by the defendants and otherwise met the requirements for a COVID-19 EIDL increase.

13. Ryan Contractors, Inc.'s supporting documentation included tax return documentation and specific answers to SBA requests.

14. The COVID-19 pandemic has had a devastating impact on Ryan Contractors, Inc., causing

a substantial and devastating decrease in revenue for the Company.

15. Ryan Contractors met all requirements for a COVID-19 EIDL increase well in advance of May 6, 2022.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

17. Venue lies in this district under 28 U.S.C. § 1391(e)(1) because Plaintiff, Ryan Contractors, Inc., has its place of business and legal address in this District.

18. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

19. Ryan Contractors, Inc., is a small business that provides construction contracting, construction management and property rehabilitation services with headquarters in Philadelphia, PA.

20. Defendant, SBA, is an independent agency of the federal government.  The SBA's mission is to help Americans start, build and grown businesses.

21. Defendant, Isabella Casillas Guzman, is the Administrator of the SBA and oversees its operations.   Administrator Isabella Casillas Guzman is being sued in her official capacity.

## CLAIMS FOR RELIEF

### COUNT I: ARBITRARY AND CAPRICIOUS AGENCY ACTION

22. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

23. The courts recognize a strong presumption favoring judicial review of administrative

action.

24. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

25. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

26. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

27. The SBA is an "agency" whose final actions are reviewable under the APA.

28. A basic requirement of administrative law is that an agency provide the reasons for its decisions.

29. However, the SBA gave no reason for failing to act on Ryan Contractors, Inc.'s COVID-19 EIDL increase.

30. The SBA's failure to act on Ryan Contractors, Inc.'s application for a COVID-19 EIDL increase conflicts with the evidence of Ryan Contractors, Inc.'s eligibility that it presented to SBA in its application and its subsequently submitted documentation.

31. For each of these reasons, the SBA's failure to act on Ryan Contractors, Inc.'s eligibility for a COVID-19 EIDL increase is arbitrary and capricious.

32. At a minimum, there is no way to determine that the agency's action was reasonable in the absence of any explanation for that action.

## COUNT II: AGENCY ACTION CONTRARY TO LAW

33. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

34. Ryan Contractors, Inc. demonstrated eligibility for a COVID-19 EIDL increase.

35. The SBA's failure to act on Ryan Contractors, Inc.'s request for a COVID-19 EIDL increase therefore violated the Act and is contrary to law.

## COUNT III: AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

36. The allegations in all preceding paragraphs are incorporated and made part of this paragraph as if fully set forth here.

37. The SBA's failure to act on Ryan Contractors, Inc.'s request for a COVID-19 EIDL increase and approve an increase is contrary to the evidence.

38. Ryan Contractors, Inc.'s application and subsequently furnished materials presented substantial evidence that demonstrates that Ryan Contractors, Inc. is eligible for a COVID-19 EIDL increase for which it applied.

## COUNT IV: MANDAMUS RE: ISSUANCE OF A FORMAL DECISION

39. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

40. As set forth herein, the SBA has never issued a formal decision regarding Ryan Contractors, Inc.'s request for a COVID-19 EIDL increase.

41. The absence of a formal decision and explanation could well impede judicial review.

## PRAYER FOR RELIEF

For the foregoing reasons, Ryan Contractors, Inc., respectfully prays unto the Court to:

    a. Order Defendants to issue a formal decision clarifying the basis for their inaction on plaintiff's request for a COVID-19 EIDL increase;

    b. Preliminarily and permanently order Defendants to consider Ryan Contractors, Inc.'s application for a COVID-19 EIDL increase consistent with applicable law and the evidence before the SBA;

    c. Preliminarily and permanently order Defendants to award a COVID-19 EIDL increase to Ryan Contractors, Inc.;

    d. Award Plaintiff their costs and reasonable attorney fees; and

    e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted by,

Dated: August 14, 2024

LASSITER & ASSOCIATES, P.C.

BY: */s/ Duane L. Lassiter*
Duane L. Lassiter, Esquire
LASSITER & ASSOCIATES, P.C.
1515 Market Street
Suite 1200
Philadelphia, PA 19102
Telephone: (215) 923-8833
Fax: (215) 923-1611
Email: duanelassiter@lassiterfirm.com

Attorney for Plaintiff
Ryan Contractors, Inc